**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (297557)
ryan@kazlg.com
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorney for Plaintiffs,
Valerie Brumfield and Juanita Williams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Valerie Brumfield and Juanita Williams, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**All Web Leads, Inc,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiffs Valerie Brumfield ("Plaintiff Brumfield") and Juanita Williams ("Plaintiff Williams") (together referred to as "Plaintiff") bring this action against All Web Leads, Inc ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the TCPA, 47 U.S.C. § 227 et seq., (the "TCPA").

2. Defendant operates as a provider of online marketing services to the insurance

industry. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

3. Through this action, Plaintiffs seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiffs also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiffs allege violations of a federal statute. Moreover, jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiffs seek up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call that is in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

5. Jurisdiction is also proper because there exists a federal question based on the fact that Plaintiffs' claims arise from the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), a federal statute.

6. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within the district, thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's conduct against Plaintiff Brumfield occurred within the State of California where Plaintiff Brumfield resides, subjecting Defendant to the State

of California.

**PARTIES**

7. Plaintiff Brumfield is a natural person who, at all times relevant to this action, was a resident of Hemet, California.
8. Plaintiff Williams a natural person who, at all times relevant to this action, was a resident of Ozark, Alabama.
9. Defendant is a Texas company whose headquarters are in Austin, Texas.

**THE TCPA**

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded voice; and (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).
11. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).
12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
13. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis

supplied).

14. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

16. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

17. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

18. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the

call or in the future. Id.

19. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

20. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

21. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. See *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); Toney v. Quality Res., Inc., 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the text message). (emphasis added).

22. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

Plaintiff Brumfield

23. Plaintiff Brumfield has been on the Do Not Call registry since December 2, 2021.

24. On or around January 4, 2022, Plaintiff Brumfield received an autodialed phone call to her phone from caller id 951-267-6177, upon information and belief, this call was from Defendant. Plaintiff rejected this call.

25. On or around January 5, 2022, Plaintiff Brumfield received two calls from 951-267-6177, the same number as the previous call. Plaintiff Brumfield rejected both calls.

26. On or around January 7, 2022, Plaintiff received a call from Defendant, this time she answered and told Defendant's agent that she was not interested and to not call her.

27. On January 25, 2022, Plaintiff Brumfield received four calls from Defendant. Two of the calls she rejected, and two she answered and told Defendant that she was not interested.

Plaintiff Williams

28. Plaintiff Williams has been on the Do Not Call Registry since August 11, 2022.

29. On or around August 30, 2022, Plaintiff Williams received a prerecorded call from caller ID 334-617-5646. Plaintiff Williams rejected this call.

30. On August 31, 2022, Plaintiff Williams received a prerecorded call from the same number as before. Plaintiff Williams rejected this call.

31. On September 9, 2022, Plaintiff Williams received a prerecorded call from the same number as before. Plaintiff Williams rejected this call.

32. On September 27, 2022, Plaintiff Williams received a prerecorded call from the same number as before. Plaintiff Williams answered this call and was met with an artificial voice that said it was calling from insurancequote.com and wanted to talk to her about Medicare benefits.

General Facts

33. Plaintiff Brumfield received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other phone calls to be made to individuals residing within this judicial district.

34. At no point in time did Plaintiffs provide Defendant with their express written consent to be contacted using an artificial or prerecorded voice.
35. Plaintiffs are the subscribers of the phones associated with the number that were called and are financially responsible.
36. The phone calls all trace back to Defendant, and all of the numbers which called Plaintiffs are owned and operated by Defendant and/or Defendant's agents.
37. Defendant's unsolicited phone calls caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's phone calls also inconvenienced Plaintiffs and caused disruption to their daily life.
38. Defendant's unsolicited phone calls caused Plaintiffs actual harm. Specifically, Plaintiffs would continuously repeat they were not interested and to stop calling.

## CLASS ALLEGATIONS

39. Plaintiffs brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.
40. Plaintiff Brumfield seeks to represent and bring this case on behalf of a Class defined as follows:

<u>The Federal TCPA DNC Class</u>

> All persons within the United States who received two phone calls within a 12 month period from Defendant to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendant's first call, within the four years prior to the filing of this Complaint.

Plaintiff Williams seeks to represent and bring this case on behalf of the two following Classes defined as follows:

<u>The Federal TCPA Prerecorded Voice Class</u>

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

41. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

42. Upon information and belief, Defendant has placed prerecorded voice calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. Defendant has also placed thousands of calls to consumers' numbers on the national do-not-call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

44. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    i. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an articifical or prerecorded voice;

    ii. Whether Plaintiff's and Class members' cellular telephone numbers were on the do-not-call registry when Defendant called;

    iii. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    iv. Whether Defendant's conduct was knowing and willful;

    v. Whether Defendant is liable for damages, and the amount of such damages; and

    vi. Whether Defendant should be enjoined from such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiffs' claims that Defendant routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### **TYPICALITY**

46. Plaintiffs' claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories regarding unsolicited phone calls being made by Defendant to Class members.

### **PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

47. Plaintiffs are representatives whom will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

### **PROCEEDING VIA CLASS ACTIONS IS SUPERIOR AND ADVISABLE**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford

- 9 -
CLASS ACTION COMPLAINT

individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

### (ON BEHALF OF PLAINTIFF BRUMFIELD AND THE CLASS)

50. Plaintiff re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

51. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

**(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

52. Defendant – or third parties directed by Defendant dialed numbers without to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

53. These calls were made without regard to whether or not Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

54. Defendant has, therefore, violated § 227(c)(5)of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

55. Defendant knew that it did not have prior express consent to make these calls especially since Plaintiff told Defendant she was not interested in what Defendant was offering. The violations were therefore willful or knowing.

56. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

**COUNT II**
**Negligent and Knowing/Willful Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On behalf of Plaintiff Williams and the Class)**

57. Plaintiff Williams re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

58. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using…an artificial or prerecorded voice… to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

59. Defendant – or third parties directed by Defendant – made non-emergency telephone calls to the cellular telephones of Plaintiff Williams and the other members of the Class defined below with an artificial or prerecorded voice.

60. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff Williams and the other members of the putative Class when its calls were made.

61. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff Williams and the other members of the putative Class without their prior express written consent.

62. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was calling using an artificial or prerecorded voice. The violations were therefore willful or knowing.

63. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff Williams and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the other members of the putative Class are also each entitled to a minimum of $1,500.00 in damages for each knowing/willful violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, prays for the following relief:

    a)    An order certifying this case as a class action on behalf of the

Class as defined above, and appointing Plaintiffs as the representatives of the respective Classes and counsel as Class Counsel;

b) An award of actual and statutory damages;

c) An award of treble damages for knowing/willful conduct by Defendant;

d) An order declaring that Defendant's actions, as set out above, violate the TCPA;

e) A declaratory judgement that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

f) An injunction requiring Defendant to cease all unsolicited phone calls, and to otherwise protect the interest of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and

h) Such further and other relief as the Court deems necessary.

## JURY DEMAND

64. Plaintiffs and Class Members hereby demand a trial by jury.

Dated: January 8, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Ryan L. McBride
Ryan L. McBride, Esq.
Attorney for Plaintiff and the Proposed Class