JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:24-cv-00038-MRA-SHK | Date | April 25, 2025 |
|---|---|---|---|
| Title | Valerie Brumfield et al. v. All Web Leads Inc. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING ACTION AND ENTERING FINAL JUDGMENT**

On January 8, 2024, Plaintiffs Valerie Brumfield and Juanita Williams (collectively, "Plaintiffs") filed this consumer class action against Defendant All Web Leads, Inc. ("Defendant"). ECF 1. Plaintiffs brought claims, on behalf of themselves and all others similarly situated, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), based on unsolicited marketing calls that Plaintiffs allege they received from Defendant. *Id.*

On March 28, 2025, the Court issued an Order granting Defendant's Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF 28. The Court held that Plaintiffs failed to show, through their allegations or any subsequent jurisdictional evidence, that Defendant called or directed another to call Plaintiff Brumfield in California. *Id.* at 9-10. Additionally, because Plaintiff Williams is a resident of Alabama, calls made to her did not give rise to personal jurisdiction over Defendant in California, and Plaintiffs' arguments that this Court otherwise had general jurisdiction over Defendant failed. *Id.* at 6-7. The Court granted Plaintiffs leave to amend the pleading, ordering that any amended complaint must be filed within 21 days of the Court's Order. *Id.* at 11. No amended pleading was filed by the Court-ordered April 18, 2025, deadline.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the court's order. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962). A plaintiff's failure to comply with a court's order to file an amended complaint is properly met with the sanction of dismissal under Rule 41(b). *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (observing that when plaintiff fails to amend a complaint after the district judge dismisses the complaint with leave to amend, the dismissal is "typically considered a dismissal for failing to comply with a court order rather than for failing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:24-cv-00038-MRA-SHK | Date | April 25, 2025 |
|---|---|---|---|
| Title | Valerie Brumfield et al. v. All Web Leads Inc. | | |

prosecute the claim").

Accordingly, for the reasons stated in its March 28, 2025, Order and for failure to comply with the Court's deadline to amend the pleading, the Court **DISMISSES** this action without prejudice. The Clerk shall treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

     -    :    -

Initials of Deputy Clerk    gga